**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

OXFORD HOUSE, INC, ET AL.,

Plaintiffs,

CASE NO. 06-4004-RDR

v.

CITY OF TOPEKA, KANSAS,

Defendant.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

This matter comes before the court upon the parties' Joint Motion for Entry of Stipulated Protective Oder (Doc. 122). According to the Scheduling Order in this case (Doc.29) all jointly proposed protective orders were to be submitted to the court on or before June 30, 2006. The parties filed the instant motion on March 2, 2007. No motions for extension of the deadline for submitting a proposed protective order have been filed. D. Kan. R. 6.1(a) expressly states:

> Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect.

The parties in this case have neither filed a motion for extension of the deadline for submitting a protective order, nor have the parties demonstrated excusable neglect as to why an extension was not sought within the prescribed period. These failures alone are grounds for denial of the parties' motion. Nonetheless, and in the interest of judicial efficiency, the court finds good cause exists that the parties' motion be granted in this limited instance.

However, the court cautions the parties that it will not entertain future motions outside of the prescribed deadlines for filing such motions, except upon (a) a motion for extension of that deadline; and (b) a much stronger showing of excusable neglect.

Accordingly, the court hereby GRANTS the parties' Motion for Entry of Stipulated Protective Oder (Doc. 122) and enters the following Protective Order:

**PROTECTIVE ORDER**

1. DEFINITIONS. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries; and (d) any other document connected to this litigation.

2. DESIGNATION OF INFORMAITON AS CONFIDENTIAL

(a) To designate a Document as one containing Confidential Information, the Producing Party shall mark the cover of the first page and every page thereafter with the following legend:

"Confidential Subject to Protective Order"

(b) To designate one or more Answers to Interrogatories, Answers to Request for Production of Documents, or Answers to Requests for Admissions as containing Confidential Information, the Producing Party shall submit those Answers in a separate document and stamp each page thereof with the legend indicated above in subparagraph 2(a).

3. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal. In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

4. CONFIDENTIAL DOCUMENTS/INFORMATION. Plaintiff seeks to protect from disclosure certain personal and sensitive information regarding the residents of the Oxford House Chapters relating to this lawsuit. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony which contains such sensitive information. Documents obtained through a release may also be designated as "Confidential" by written notice to opposing counsel who thereupon bears the immediate burden of stamping such documents as

[1]*See*, *e.g.*, *Holland v. GMAC Mortg. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

"Confidential." Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

a. Counsel who have signed this Order approving it as to form and content, other counsel of record in this litigation, law firms of counsel who have signed this Order, retained outside counsel, in house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

b. Experts and consultants retained by a party to this action for purposes of assisting in the preparation or presentation of claims or defenses;

c. Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

d. Any person who was involved in the preparation of the document;

e. The Court, Court personnel, court reporters and similar personnel;

f. The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 4(a) above.

g. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (d), (f) and (g) shall be shown a copy of, and shall sign the Agreement to Maintain Confidentiality, attached as the addendum to this Order, agreeing to be bound by the terms of this Protective Order. Any executed Agreement to Maintain Confidentiality shall be produced to all parties within five days of its execution. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

5. DOCUMENTS ALREADY PRODUCED. Within twenty (20) days of the entry of this Order, parties may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential".

6. THIRD PARTY WITNESSES. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent. A third party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days

of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

7. CHALLENGE TO DESIGNATION. Any party may challenge the "Confidential" designation of any document, by moving the Court for an Order allowing disclosure. The party challenging the "Confidential" designation of any document shall give all other parties at least ten (10) days notice before filing a motion with the Court and the parties shall attempt to resolve any disagreement before submitting it to the Court. If a party challenge the "Confidential" designation of the document(s), the documents at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.

8. RETURN OF DOCUMENTS. Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

9. USE OF DOCUMENTS.

a. Documents produced by any party, including, but not limited to, "Confidential" documents and information from any documents acquired in discovery in this litigation shall not be used, publicized, revealed, or otherwise disseminated for any purpose except in connection with the litigation pending in the United States District Court for the District of Kansas, Case No. 06cv4004 styled *Oxford House, Inc., et al. v. City of Topeka, Kansas*. Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

10. EXCEPTIONS. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that such information was or has become public knowledge absent a breach of this Protective Order.

11. NON-EXCLUSIVITY. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

12. WAIVER. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

13. ENFORCEMENT. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

SO ORDERED this 5th day of March, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
THE HONORABLE K. GARY SEBELIUS
U.S. MAGISTRATE JUDGE

**ADDENDUM**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

OXFORD HOUSE, INC; OXFORD HOUSE - WASHBURN; LESLIE BERGIN; MARK HADFIELD; RODNEY HELZER; AND JAMES ROBERSON,

Plaintiffs,

CASE NO. 06-CV-4004

v.

CITY OF TOPEKA, KANSAS,

Defendant.

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, ____________________, have reviewed the Stipulated Protective Order and terms contained therein regarding the case Oxford House, Inc., et al. v. City of Topeka, Kansas, Case No. 06-CV-4004, and I agree to abide by the terms contained therein. I understand that documents that have been labeled as confidential must be returned to counsel within seven days after I am notified of the resolution of this case.

Dated this ________ day of _____________________, 200 __.

_______________________________________