## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| OXFORD HOUSE, INC; OXFORD HOUSE - WASHBURN; OXFORD HOUSE - ELMHURST; LESLIE BERGIN; MARK HADFIELD; RODNEY HELZER ANDREW GERSTNER; AND JAMES ROBERSON, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) | Case No. 06-4004-RDR |
| v. | ) ) |
| CITY OF TOPEKA, KANSAS, Defendant. | ) ) ) |

### ORDER

This matter comes before the court upon plaintiffs' Motion to Compel compliance with discovery requests against defendant, the City of Topeka, Kansas (Doc. 70). Plaintiffs request that the court compel defendant to produce all remaining responsive documents to Plaintiffs' Interrogatory No. 4 and Plaintiffs' Requests for Production Nos. 2-9 & 12-14. The defendant has filed a timely response to plaintiffs' Motion to Compel (Doc. 82) to which plaintiffs have filed a reply (Doc. 89). The court therefore deems this matter ripe for disposition. For the reasons set forth in this order, the court will deny plaintiffs' motion to compel.

**I. Discussion**.

**A. Certification Requirement.**

As required by Fed. R. Civ. P. 37(a)(2), prior to making a motion to compel a party opponent to provide requested discovery materials, the party seeking discovery must certify that a good faith effort to confer or attempt to confer has been made with the "party not making the

disclosure in an effort to secure the disclosure without court action."[1]  Similarly, D. Kan. Rule 37.2 provides that the court will not entertain any motion to resolve a discovery dispute under Fed. R. Civ. P. 26 through 37 "unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[2]  Under the local standard, a 'reasonable effort to confer' requires more than "mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3]

The court finds plaintiffs have fulfilled the certification requirements of good faith conferral with the opposition, as delineated in Fed. R. Civ. P. 37(a)(2).[4]  Specifically, plaintiffs conferred with defendant through a written letter  regarding Plaintiffs' Interrogatory No. 4 and Plaintiffs' Requests for Production Nos. 2-9 & 12-14.[5]   Therefore, this court holds that plaintiffs have fulfilled the certification requirements and that the motion is now ripe for judicial disposition.

**B.     Plaintiffs' Motion to Compel (Doc. 70).**

Fed. R. Civ. P. 26 delineates the provisions governing discovery in federal courts.  Fed. R. Civ. P. 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... Relevant information need not

---

[1] Fed. R. Civ. P. 37(a)(2).

[2] D. Kan. Rule 37.2.

[3] *Id.*

[4] *See* Plaintiffs' Motion to Compel (Doc. 70).

[5] *Id.*

be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence..."[6]  In addition to document requests, parties may also use interrogatories, as governed by Fed. R. Civ. P. 33.  This rule permits parties to provide written answers to the interrogatories or, in lieu of a written statement, an answer can be "produced by provision, examination, audit or inspection of business records of the party upon whom the interrogatory has been served if 'the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.'"[7] If the responding party provides records in lieu of a written answer, they must specify the records from which the answer may be derived and enable the party serving the interrogatory a "reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts or summaries."[8]

### 1.    Plaintiffs' Interrogatory No. 4.

The court will first consider the discovery dispute regarding Plaintiffs' Interrogatory No. 4.  Plaintiffs' Interrogatory No. 4 seeks information relating to the City of Topeka's decision to deny the request for conditional use permits at the Washburn and Elmhurst Oxford House locations.  Specifically, the interrogatory seeks information on:

> a.  Each and every reason for the denial, and/or communication related to the application which was expressed in audio recordings, written findings, minutes, correspondence or any other public record of the City of Topeka, including by the City Council as a body and any individual member thereof;
>
> b.  Each and every reason for the denial and/or communication related to the application not expressed in a public record, but recorded in any document in the possession of the City or any employee or appointed or elected official thereof;

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] Fed. R. Civ. P. 33(d).

[8] *Id.*

c.  Each and every reason for the denial not stated in writing; and

d. Each and every communication related to the application expressed in instant messages, either saved on a data recording medium or not saved.[9]

In responding to Plaintiffs' Interrogatory No. 4, defendant refers plaintiffs to pages 4580-4722 and 5093-5212 of its document production, originally enumerated as a Response to Interrogatory 3.[10]  Plaintiffs stipulate that defendant has provided a partial answer to Interrogatory No. 4 by referring them to document numbers, as permitted under Fed. R. Civ. P. 33(d).  However, plaintiffs allege that the span of business records provided by defendant did not fully contain the answers to Plaintiffs' Interrogatory No. 4.  Specifically, plaintiffs contend that defendant failed to identify specific e-mails covered by plaintiffs' request that plaintiffs have a good-faith basis to believe exist or are retrievable.[11]  Plaintiffs point to the minutes and partial transcript of the June 14, 2005, City of Topeka City Council meeting as evidence of this good faith belief.  In the transcript and minutes, individual members of the Topeka City Council admit to having received ex parte communications regarding plaintiffs' application for a conditional housing permit.[12] Plaintiffs contend that the defendant's failure to provide such electronic communications results in an incomplete discovery response.

In response to Plaintiff's Motion to Compel, defendant contends: (1) that defendant possesses no documents or information responsive to these requests: and (2) that these requests are unduly burdensome.  The court will now evaluate defendant's objections.

---

[9] Plaintiffs' Motion to Compel (Doc. 70) at p. 3.

[10] *Id.*

[11] *Id.* at 4.

[12] *Id*; *See also* Plaintiffs' Motion to Compel, (Doc. 70-2).

a.      **Existence of Additional Responsive Documents**.

Defendant argues that e-mail ex parte communications made by members of the Topeka councilmen regarding the rationale and discussion of the issuance of a conditional permit to plaintiffs are no longer available because such communications were deleted.  Defendant further contends that they have already provided plaintiffs with all the information in its possession regarding these responsive requests and therefore cannot provide any additional information.

A statement of unavailability of additional responsive documents is not a proper objection and is rather a statement of fact.[13]   Such a statement of fact, like any other given in the course of litigation, requires more than such a conclusory assertion of the existence of such a fact.  It also requires evidence tending to prove or disprove the existence of such a fact.

The court finds that defendant has fulfilled that obligation in the instant case.  Defendant premises the assertion that it has no more documents or communications responsive to these requests on the affidavits made by three City Councilmen.  First, defendant presents an affidavit by Former Councilmen John Acala establishing that he did not receive via e-mail any ex parte communications with regard to the issue (retracting his earlier misstatement of possessing such information).[14] Second, defendant also brings forth evidence that Councilmen Jeff  Preisner and Clark Duffy both deleted any ex parte communications that they received regarding this issue and state that as such, the information is no longer available.[15]

In reply to this assertion, plaintiffs argue that defendant had a duty to preserve such

---

[13] *Cory v. Aztec Steel,* 225 F.R.D. 667, 671 (D. Kan. 2005).

[14] Defendant's Response to Plaintiff's Motion to Compel, (Doc. 82).

[15] *Id.*

-5-

evidence in anticipation of litigation and that the defendant's failure to do so is spoilation of evidence. Spoilation of evidence occurs with the "intentional or negligent destruction or loss of tangible and relevant evidence which impairs a party's ability to prove or defend a claim."[16] Spoilation of evidence only occurs when a party has an obligation to preserve evidence in the face of pending litigation and fails to do so.[17] This obligation arises when "the party has notice that the evidence is relevant to litigation or when a party should have known."[18] This notice may come at hands of differing events, but mostly commonly, a party is deemed to have notice of pending litigation if the party has received a discovery request, a complaint has been filed, or any time a party receives notification that litigation is likely to be commenced.[19]

In the instant case, the defendant received notice of pending litigation on August 12, 2005, with the receipt of plaintiffs' demand letter.[20] There is no evidence on the record indicating that defendant had notice of the pending litigation before that date. Defendant states that it deleted the electronic communications that form the basis of this discovery dispute in June 2005. Therefore, it appears that the deletion occurred before the duty to preserve evidence arose. Defendant further contends that the e-mails at issue are no longer recoverable because although such deleted electronic communications are backed up by a tape back up system and the tapes are rotated every six weeks, all previous data is overwritten by subsequent back up tapes.[21]

---

[16] *United States v. Koch,* 197 F.R.D. 488, 490 (D. Kan. 1999).

[17] *See Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

[18] *Id.*

[19] *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D. 68, 72-73 (S.D.N.Y. 1991).

[20] Plaintiffs' Reply to Defendant's Response to Plaintiff's Motion to Compel, (Doc. 89) at p. 3.

[21] *Id.*

Furthermore, there is no evidence on the record to indicate that at the time of the receipt of the demand letter the backup tapes in the server's system contained allegedly deleted e-mails from June 2005.

In the court's view, even if such back up tapes were conclusively shown to possess the deleted e-mail communications, "as a general rule, a party need not preserve all backup tapes even when it reasonably anticipates litigation."[22]  When parties put a litigation hold policy on destruction of documents in response to pending litigation, "that litigation hold does not apply to inaccessible back-up tapes (*e.g.,* those typically maintained solely for the purpose of disaster recovery), which may continue to be recycled on the schedule set forth in the company's policy."[23]  The record in this case indicates that the back-up tapes are used for disaster recovery purposes.  Therefore, it is the court's view that defendant had no duty prior to August 12, 2005, to retain or recover the deleted electronic messages.  Therefore, this court finds that defendant has provided a full and complete response to Plaintiffs' Interrogatory No. 4 by providing plaintiffs with all existing responsive documents.

### b.    Unduly Burdensome Objection.

Additionally, the court agrees with defendant that plaintiff's requests for deleted e-mails would otherwise be unduly burdensome.   A party opposing a discovery request on the ground that it is unduly burdensome has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly

---

[22] *Zubulake,* 220 F.R.D. at 217.

[23] *Id.*

burdensome."[24]  In considering such an objection, the court should allow such discovery unless "the hardship is unreasonable in light of the benefits to be secured from the discovery."[25]  The "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party form whom discovery is sought does not itself require denial of the motion."[26]

In support of this objection, defendant argues that it would be unduly costly to retrieve such electronic communications and that there is only a small likelihood that such efforts would be successful.  The standard for a cost-balancing analysis for retrieval of deleted electronic documents is not an issue that has been directly addressed by the Tenth Circuit.  However, other federal courts have held that while discovery of deleted electronic records is certainly permissible, a cost-benefit analysis should be conducting prior to discovery being ordered to determine if such discovery is indeed appropriate.[27]  One such cost-benefit analysis often utilized by federal courts is the marginal utility analysis.  In using this analysis, "the court must assess the likelihood that the source to be searched will produce information that is relevant to a claim or defense.  The greater the likelihood that it will, the fairer it is to require the producing party to bear the expense."[28]

Defendant admits that there are technological means to potentially retrieve deleted

---

[24] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 213 (D. Kan. 2002).

[25] *Employers Comm. Union Ins. Co. of Am. V. Browning-Ferris Indus.,* No.  91-2161-JWL, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

[26] *Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 325, 332-33 (D. Kan. 1991).

[27] *Thompson v. United State Dep't of Housing & Urban Dev.,* 219 F.R.D. 93, 97 (D. Md. 2003).

[28] *Id.*

-8-

electronic communications.  However, defendant argues that such a search would be unduly burdensome and costly.  Specifically, defendant contends to retrieve such data from the back ups, the City of Topeka estimates that an initial review of such back up tapes would cost $100,000 plus residual costs.[29]

It is certain that the cost of retrieval of data would be high.  However, this factor is not dispositive– consideration  must also be given to the potential efficacy of a technique seeking discoverable information.  The court finds such efficacy is minimal at best in the instant case. The City of Topeka continually rewrites new data over the prior date on its back-up tapes.[30] Therefore, unless the latter back-up tape did not write as close to the end as the previous back up tape, this information has likely already been written over.[31]   As the likelihood of retrieving these electronic communications is low and the cost high, this court further finds that the unanswered portion of Plaintiffs' Interrogatory No. 4 is unduly costly.   The court thereby denies plaintiffs' motion to compel further responses to Plaintiffs' Interrogatory No. 4.[32]

### 2.    Plaintiffs' Request for Production No. 2.

The court now turns to consideration of Plaintiffs' Request for Production No. 2.  In this request, plaintiffs seek from defendant:

All documents relating to the City of Topeka's consideration, review, recommendation, and decision regarding the request for a conditional use permit...including, but not limited

---

[29] Defendant's Response to Plaintiff's Motion to Compel, (Doc. 82) at p. 3.

[30] *Id.* at 3.

[31] *Id.* at 3-4.

[32]However, the court notes that this ruling is not meant to preclude plaintiffs from challenging the sufficiency of defendant's retention policies in the future.

to, video recordings, audio recordings, minutes, and official transcripts of each Planning Commission and City Council meeting, both public and non-public...or other writings, computer files, or other data compilations from which information can be obtained.[33] Plaintiffs define the utilization of 'documents' in the Motion to Compel.  The definition, in pertinent part, includes "electronic mail messages and attachments thereto, e-mail, instant messages, whether saved on a data recording medium or not saved."[34]  In regard to this document request, plaintiffs seek ex parte communications between the defendant and its agents and several undisclosed individuals.[35]  Plaintiffs allege that such communications are relevant to the instant case because they provide information related to communications between defendant and neighbors of the Washburn Oxford House  relating to "defendant's reasons for denying plaintiffs' application for a conditional use permit."[36]  Defendant does not contest the relevancy of Plaintiffs' Request for Production No. 2 and solely objects to the request on the grounds that it has no more responsive documents and that the request is otherwise unduly burdensome.  In the answer to Plaintiffs' Request for Production No. 2, defendant provides the same response provided for Plaintiffs' Interrogatory No. 4.  Defendant refers plaintiff to the answer to Plaintiff's Interrogatory No. 4 (to pages 4580-4722 and 5093-5212 of its document production, originally enumerated as a Response to Interrogatory 3).[37] As the court has previously discussed in regards to Interrogatory No. 4, the court finds that defendant has no more documents responsive to Request for Production No. 2 and that the request is unduly burdensome and

---

[33]  Plaintiff's Motion to Compel (Doc. 70-2) at p. 5.

[34] *Id.* at 5.

[35]  Plaintiff's Motion to Compe, (Doc. 70) at p. 2.

[36]  *Id.* at 2.

[37]  Plaintiff's Motion to Compel (Doc. 70-2) at p. 11.

costly.[38]  The court therefore will deny plaintiff's motion to compel as to Request for Production

No. 2.

### 3.    Plaintiffs' Request for Production No. 3.

In Plaintiffs' Request for Production No. 3, plaintiffs seek from defendant:

All documents reflecting, reciting, and/or memorializing City of Topeka laws,
regulations, policies, and procedures regarding approval of a conditional sue permit to
operate housing in an area with a zoning classification of R-1 or M-1 zone...and the
criteria used to approve or deny a proposed residential development in the R-1 or M-1
zone.[39]

In their Motion to Compel, plaintiffs never specifically address their concern regarding

defendant's answer to the document request and only refer to the general lack of production of

ex parte communications between defendant and several undisclosed individuals.  In its response

to plaintiffs' Request for Production No. 3, defendant curiously provides the following answer:

"See response to request no. 3 of Defendant's Responses to Plaintiff Oxford House, Inc.'s First

Set of Requests for Production of Documents to Defendant."[40]  The court is confused by

defendant's answer as it refers to itself.  Notwithstanding this difficulty, upon reviewing

plaintiffs' motion, the court finds that this subject matter has been sufficiently addressed in

relation to plaintiffs' Interrogatory No. 4 and Request for Production No. 2.  The court found

that, in relation to those requests, that defendant has no further responsive documents and that

the request is otherwise unduly burdensome.   Therefore, the court denies plaintiffs' motion to

compel regarding Request for Production No. 3.

---

[38] *See* previous discussion.

[39] Plaintiff's Motion to Compel (Doc. 70-2) at p. 5.

[40] *Id.* at 11.

**4.      Plaintiffs' Request for Production No. 4.**

In Plaintiffs' Request for Production No. 4, plaintiffs seek from defendant:

> All documents relating to the consideration, grant, or denial by the City of Topeka of each and every request for a conditional use permit to operate housing in the City of Topeka in an area with a zoning R-1 or M-1...received during the period from January 1, 1999 to the present.**[41]**

In their Motion to Compel, plaintiffs do not specifically object to defendant's answer to the document request.  Rather, plaintiffs object to the general lack of production of ex parte communications between defendant and several undisclosed individuals.  Again, this objection has already been addressed in relation to Interrogatory No. 4 and Requests for Production Nos. 2 and 3.  The court found that defendant has no further responsive documents in its possession and that the request is otherwise unduly burdensome.

In its response to plaintiffs' document request, defendant provides the following answer: "See response to request no. 4 of Defendant's Responses to Plaintiff Oxford House, Inc.'s First Set of Requests for Production of Documents to Defendant."[42]  As with Request for Production No. 3, the court is confused by Defendant's answer as it refers to itself.  This fact, coupled with the fact that plaintiffs have given the court no additional arguments, documents, or exhibits relating to this document request, makes it impossible for the court to consider and rule further on the merits of this portion of plaintiffs' motion to compel.  Therefore, the court will deny plaintiffs' Motion to Compel regarding Request for Production No. 4.

**5.      Plaintiffs' Requests for Production Nos. 5-9 and 12-14**.

Under D. Kan. Rule 37.1, all discovery-related motions filed pursuant to Fed. R. Civ. P.

---

[41] *Id.* at 5.

[42] *Id.* at 11.

26(c) or 37(a) shall be "accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute."[43]  A thorough examination of the record demonstrates that plaintiffs have failed to provide the court with copies of Plaintiffs' Requests for Production Nos. 5-9 and 12-14 and defendant's answers thereto.  The court is therefore unable to consider the merits of the discovery dispute relating to these requests.  The court therefore denies plaintiffs' Requests for Production Nos. 5-9 and 12-14.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 70) is hereby denied.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2007, at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[43] D. Kan. Rule 37.1 (2007).

-13-