IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OXFORD HOUSE, INC.; OXFORD
HOUSE – WASHBURN; LESLIE BERGIN;
MARK HADFIELD; RODNEY HELZER;
AND JAMES MUSA, JR.,

        Plaintiffs,

    vs.                                         Case No.  06-4004-RDR

CITY OF TOPEKA,

        Defendant.

_____

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL**

This matter comes before the court upon defendant's Motion to Compel Responses (Doc. 96).  No responses were filed in opposition to defendant's motion and the time for doing so has expired.

D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][1] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  Because no response has been filed in opposition to defendant's motion, the court finds that it should treated as uncontested.[2]

---

[1] Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

[2] Plaintiffs filed a Response in Opposition to Defendant's Motion to Compel (Doc. 129). However, plaintiffs filed their response after the response period had expired and without seeking leave to do so.  Similarly, defendant filed a Reply to this late response (Doc. 146).

Defendant seeks an order compelling plaintiff Mark Hadfield to respond to defendant City of Topeka's First Set of Interrogatories to Plaintiffs and City of Topeka's First Request to Plaintiffs for Production of Documents served by Defendant on November 15, 2006 and "all other plaintiffs" to produce documents responsive to Request Nos. 3, 4, and 5 of the City of Topeka's First Request to Plaintiffs for Production of Documents.

**Discussion**

As an initial matter, the court considers whether defendant has satisfied the good faith certification requirement. Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[3] In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[4] Failure to confer or failing to attempt to confer may result in unnecessary motions. "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[5]

---

However, because plaintiff's original response was untimely, the court will not consider the parties' additional briefing in resolving the instant motion.

[3] Fed. R. Civ. P. 37(a)(2)(B).

[4] D. Kan. R. 37.2. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id*.

[5] *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 302 (D. Kan. 1996).

Defendant in this case included a "Certificate of Compliance," that included the following statement:

> I, Sherri Price, state that I have complied with the Federal Rule of Civil Procedure 37(a)(2)(A) by making good faith efforts to resolve these discovery matters without court intervention. These efforts included corresponding with plaintiff's counsel and providing a draft protective order.[6]

Upon reviewing defendant's motion, the court finds that defendant's "Certificate of Compliance," fails to satisfy the certification requirement, as defendant's conclusory statement does not "describe with particularity the steps taken by all counsel to resolve the issues in dispute."[7]  Therefore, the court finds the certification requirement has not been met in this case. This omission alone is grounds for denial of defendant's motion.

However, the court additionally finds that defendant has failed to comply with D. Kan. R. 37.1(a).

D. Kan. R. 37.1(a) provides in pertinent part:

> Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, shall be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests *or responses* in dispute (emphasis added).

Defendant's Request for Production No. 3 requests:

> Copies of any and all records relating to the finances of each resident of Oxford House-Washburn and Oxford House-Elmhurst including copies of any pay

---

[6] Defendant's Motion to Compel (Doc. 97) at p. 5.

[7] D. Kan. R. 37.2. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id*.

records, expenses, bank statements and other financial records."

While plaintiffs failed to file a formal response to defendant's motion, plaintiffs did object to this request in its answers to defendant's discovery.  Specifically, plaintiffs objected to the request for documents "in excess of those provided in Appendix 3."  While defendant attached plaintiffs' objections to defendant's discovery as required by Rule 37.1(a), defendant failed to attach "Appendix 3" to its motion.  Because defendant failed to attach to its motion all "responses in dispute" (i.e. "Appendix 3") the court is not in a position to evaluate whether plaintiffs have sufficiently responded to this request.  Similarly, defendant failed to attach an "Appendix 4" to its motion – an appendix the plaintiffs reference in their objection to defendant's Request for Production No. 4.

Due to these procedural deficiencies contained in defendant's motion, the court will deny defendant's motion at this time –  without prejudice – providing defendant the full opportunity to re-file its motion in full compliance with this court's local rules.

As a final matter, the court strongly encourages the parties in this case to continue to confer in an attempt to resolve this dispute without court intervention.  The court also encourages the parties to attach each and every discovery response that is the subject of their motions to compel, as the court will not speculate as to the contents of responses not otherwise contained in the record before this court.   Finally, the court reminds all parties that the court will not consider responses in opposition to motions unless such responses are filed within the requisite response period provided for in this court's local rules.  Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel (Doc. 96) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
