IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OXFORD HOUSE, INC.; OXFORD
HOUSE – WASHBURN; LESLIE BERGIN;
RODNEY HELZER, and JAMES ROBERSON,

        Plaintiffs,

vs.                                    Case No. 06-4004-RDR

CITY OF TOPEKA,

        Defendant.

## ORDER

This matter comes before the court upon plaintiff Oxford House-Washburn, Rodney Helzer, and James Roberson's Motion for Reconsideration (Doc. 167). In a rather curious move, these plaintiffs ask the court to reconsider its order on defendant's motion to compel (Doc. 96) – an order in which the court ruled in plaintiffs' favor.[1] Upon reviewing plaintiffs' motion, the court finds that further responses are not necessary and is prepared to rule.

Plaintiffs contend the court's April 27, 2007, order on defendant's motion to compel (Doc. 166) should be reconsidered because plaintiffs' response to defendant's motion to compel (Doc. 129) was not untimely and therefore should have been considered. Plaintiffs contend that their response is timely because the court previously granted these plaintiffs an extension of time with which to respond to defendant's motion to compel. The court agrees. Specifically, the court agrees that it did grant plaintiffs an extension of time with which to respond to defendant's

---

[1] *See* Order Denying Without Prejudice Defendant's Motion to Compel (Doc. 166).

motion to compel.[2]  Therefore, the court finds defendant's motion was not uncontested and will therefore grant plaintiffs Motion for Reconsideration on this basis.

Having now fully considered plaintiffs' timely response, the court finds that plaintiffs have cured at least one of defendant's deficiencies in its motion to compel.  Specifically, plaintiffs have met defendant's certification requirement by setting forth in their response the particular steps the parties have taken to resolve their dispute without court intervention.  Therefore, the court deems the certification requirement of defendant's motion to compel to be met.

However, the court nonetheless finds defendant's motion should still be denied without prejudice.  As the court held in its first order denying without prejudice defendant's motion to compel (Doc. 166), D. Kan. R. 37.1 requires that motions to compel be accompanied by copies of "the portions of the interrogatories, requests or responses in dispute."  Because the parties in their briefing  have failed to provide the court with the disputed responses – namely "Appendix 3" and "Appendix 4" – the court finds that defendant's motion must again be denied without prejudice.  Therefore, while the court will grant plaintiffs' Motion for Reconsideration (Doc. 167), defendant's Motion to Compel (Doc. 96) will remain denied without prejudice.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Oxford House-Washburn, Rodney Helzer, and James Roberson's Motion for Reconsideration (Doc. 167) is hereby granted.  Defendant's Motion to Compel (Doc. 96) remains denied.

**IT IS SO ORDERED.**

---

[2] *See* Order Granting Motion for Extension of Time (Doc. 120).

Dated this 3rd day of May, 2007, at Topeka, Kansas.

>                                    s/ K. Gary Sebelius
>                                    K. Gary Sebelius
>                                    U.S. Magistrate Judge